# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-491-D |
| | ) | |
| INDECK POWER EQUIPMENT COMPANY; GLENN BRIGGS & ASSOCIATES, INC.; CITY OF ALTUS, ALTUS MUNICIPAL AUTHORITY, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Plaintiff Federal Insurance Company's (Federal) Motion to Dismiss Count III of Defendant Indeck Power Equipment Company's (Indeck) First Amended Counterclaim [Doc. No. 88]. Indeck has filed its response in opposition [Doc. No. 96]. The matter is fully briefed and at issue.

Indeck entered into a contract with the Altus Municipal Authority to install portions of a water treatment system to produce drinking water for the residents of the City of Altus. A lawsuit was subsequently filed against Indeck and Glen Briggs arising out of the water treatment system (the Altus litigation). Pursuant to insurance policies issued by Federal to Indeck, Federal agreed to defend Indeck subject to a reservation of rights. Federal now brings the present action, contending

it has no duty to defend or indemnify Indeck and seeks to withdraw from Indeck's defense in the Altus litigation upon a finding it has no duty to defend Indeck. In sum, Federal contends it has no duty to defend Indeck because the Altus plaintiffs do not seek any damages covered by the policies.

Indeck filed a counterclaim in which it seeks a declaration that Federal does owe a duty to defend and indemnify it with respect the Altus litigation. Count Three of Indeck's counterclaim asserts a cause of action for tortious breach of the duty of good faith and fair dealing, to wit:

> Every insurer has an implied duty to deal fairly and act in good faith with its insured. Violation of this implied duty is a tort under Oklahoma common law, for which consequential and punitive damages may be sought. Federal has unreasonably withheld payment to Indeck for its costs of defense in breach of its implied duty of good faith. Federal has withheld payment from Indeck and forced it to incur additional expense in the defense of the present action in bad faith in order to force Indeck to settle the underlying litigation with its own funds through the pressure of litigating on two fronts. Indeck has been damaged as a consequence of Federal's bad faith acts or omissions by incurring substantial unreimbursed fees and costs in the underling [sic] action and in this action *after* Federal agreed to defend Indeck. Federal has committed other acts in bad faith which shall be disclosed by discovery herein.

*See* Indeck's First Amended Counterclaim, ¶¶ 67-71 (emphasis in original) [Doc. No. 80].

Federal contends Illinois law applies to Indeck's counterclaim and it is preempted by Section 155 of the Illinois Insurance Code.[1] In response, Indeck argues that, under choice of law principles, Oklahoma law applies to its tortious breach claim and, consequently, such claim is neither governed or barred by Illinois law, specifically, Section 155.

At this stage of the litigation,[2] it would be inappropriate to issue a ruling on Federal's motion because doing so would require what applicable precedent prohibits, which is to weigh the choice of law evidence submitted by the parties. The allegations in Indeck's counterclaim are insufficient to evaluate adequately the choice of law issues raised by Federal's motion. Such an inquiry, at this juncture, would therefore be improper on a motion brought under Rule 12(b), and the issue would be better reserved for summary judgment, where the Court has the benefit of a properly developed record. *See Jones v. Lattimer*, 29 F. Supp. 3d 5, 10 n. 3 (D.D.C. 2014) (finding choice of law analysis was premature on motion to dismiss and "better suited" for resolution at summary judgment stage after record had been

---

[1] Section 155 provides an extracontractual remedy for an action on an insurance policy – namely, by allowing attorney's fees and punitive damages to be awarded on a showing of "vexatious and unreasonable" conduct by an insurance company. *Cramer v. Insurance Exch. Agency*, 675 N.E.2d 897, 902 (Ill. 1996).

[2] The parties agreed to bifurcate summary judgment briefing by submitting initial briefs on the threshold issue of whether Federal had a duty to defend, and, if the entire case was not resolved as a result of said submissions, filing a second round of dispositive motions that address all remaining issues. *See* Scheduling Order, ¶¶ 6-7 [Doc. No. 64].

developed); *Clark Material Handling, Inc. v. Toyota Material Handling, U.S.A., Inc.*, No. 3:12–CV–510, 2012 WL 6107682, at *1 (W.D.N.C. Dec. 10, 2012) (declining to engage in choice of law analysis at motion to dismiss stage in order to fully develop factual record); *Speedmark Transp., Inc. v. Mui*, 778 F. Supp. 2d 439, 444 (S.D.N.Y. 2011) (finding choice of law determination is "premature on … motion to dismiss, since the record" lacked necessary development for the fact-specific analysis) (collecting cases); *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 699-700 (D.N.J. 2011) ("Due to the factual inquiry that may be necessary to properly weigh the [choice of law] Restatement factors, it can be inappropriate or impossible for a court to conduct that analysis at the motion to dismiss stage[.]") (internal quotation marks and citations omitted).

Accordingly, Federal's Motion to Dismiss [Doc. No. 88] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 7th day of July, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE