# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

FEDERAL INSURANCE COMPANY,　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　)　　　Case No. CIV-15-491-D
　　　　　　　　　　　　　　　　　)
INDECK POWER EQUIPMENT　　　　　)
COMPANY, et al.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　)

## ORDER

Before the Court is Defendant/Counterplaintiff Indeck Power Equipment Company's (Indeck) Motion to Compel [Doc. No. 95]. Plaintiff/Counterdefendant Federal Insurance Company (Federal) has filed its response in opposition [Doc. No. 103]. A hearing was held on August 29, 2016, during which the parties announced a resolution as to some matters presented in Indeck's motion.[1] The matter is fully briefed and at issue.

## BACKGROUND

Indeck entered into a contract with the Altus Municipal Authority to install portions of a water treatment system to produce drinking water for the residents of the City of Altus. A lawsuit was subsequently filed against Indeck and another

---

[1] At the hearing, the parties announced that they had resolved the matters raised in Indeck's Motion for Protective Order [Doc. No. 108]. Accordingly, the merits of that motion will not be discussed in this order.

company arising out of the water treatment system (the Altus litigation). Pursuant to insurance policies issued by Federal to Indeck, Federal agreed to defend Indeck subject to a reservation of rights. Federal contends in this action that it has no duty to defend or indemnify Indeck and seeks to withdraw from Indeck's defense in the Altus litigation. In sum, Federal contends it has no duty to defend Indeck because the Altus plaintiffs do not seek any damages covered by the policies. Indeck filed a counterclaim in which it seeks a declaration that Federal does owe a duty to defend and indemnify it with respect to the Altus litigation.

In their Joint Status Report and Discovery Plan, the parties agreed to a bifurcated scheduling order in which they would litigate the issue of whether Federal owed a duty to defend Indeck before conducting any discovery on the issue of bad faith. *See* Joint Status Report and Discovery Plan, ¶ 14 [Doc. No. 31]. Pursuant to that schedule, Indeck served Federal its First Set of Interrogatories and Requests for Production of Documents. At issue in the present motion is Indeck's discovery related to Federal's claim file.[2] Federal objects to any discovery related to its claim file on the basis such discovery is premature. According to Federal, information regarding the claim file relates to the issue of whether Federal committed bad faith, an issue that has been reserved for the second phase of the

---

[2] Indeck's motion does not specifically identify the discovery requests at issue. At the August 29 hearing, however, counsel for Indeck stated the issues raised in its motion had been narrowed to the discoverability of the claim file and the Court's order is limited that specific issue.

bifurcated process. Indeck responds that the claim file's contents are, at minimum,

potentially relevant to the duty of defend, especially in light of the fact Federal

initially determined that there was a possibility of coverage and subsequently

reversed course. Both parties agree that Illinois law governs the present dispute.

## STANDARD OF DECISION

Considerations of both relevance and proportionality now govern the scope

of discovery. Federal Rule of Civil Procedure 26(b)(1) provides:

> [T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ.P. 26(b)(1). Under this standard, relevance is still broadly defined to

include "any matter that bears on, or that reasonably could lead to other matter[s]

that could bear on, any issue that is or may be in the case." *United States ex rel.*

*Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016) (quoting *Oppenheimer Fund,*

*Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).[3] Courts commonly look unfavorably

---

[3] Rule 26(b)(1) was amended in 2015. The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase because it was often misconstrued to define the scope of discovery and had the potential to "swallow any other limitation." *Shamesh*, 314 F.R.D. at 8 (quoting Fed. R. Civ. P. 26(b)(1), advisory committee's notes to 2015 amendment).

upon significant restrictions placed upon the discovery process; thus, provided the information sought meets the standard of relevance described in the Federal Rules, the "burden rests upon the objecting party to show why a particular discovery request is improper." *Sauer v. Exelon Generation Co., LLC*, 280 F.R.D. 404, 407 (N.D. Ill. 2012) (quoting *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)). "The objecting party must do more than simply recite boilerplate objections such as overbroad, burdensome, oppressive or irrelevant," *Bd. of Trustees of the Univ. of Ill. v. Micron Tech., Inc.*, No. 2:11-cv-2288, 2016 WL 4132182, at *3 (C.D. Ill. Aug. 3, 2016) (citations omitted); rather, "[i]f the basis for an objection is lack of relevance, 'the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Id.* (citing *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)).

## DISCUSSION

Under Illinois law, it is generally recognized "that the obligation of an insurer to defend an action brought against its insured must be decided by comparing the allegations of the complaint against the insured with the terms of the policy." *Millers Mut. Ins. Ass'n of Ill. v. Ainsworth Seed Co., Inc.*, 552 N.E.2d 254,

256 (Ill. App. Ct. 1989) (citations omitted).[4] However, "extrinsic facts may be considered as long as they do not bear upon issues in the underlying litigation." *Id.* at 255; *see also Fidelity & Casualty Company of New York v. Envirodyne Engineers, Inc.*, 461 N.E.2d 471, 474 (Ill. App. Ct. 1983):

> If a crucial issue will not be determined, we see no reason why the party seeking a declaration of rights should not have the prerogative to present evidence that is accorded generally to a party during a motion for summary judgment in a declaratory proceeding. To require the trial court to look solely to the complaint in the underlying action to determine coverage would make the declaratory proceeding little more than a useless exercise possessing no attendant benefit and would greatly diminish a declaratory [action's] purpose of settling and fixing the rights of the parties.

Illinois courts have thus determined a trial court may consider "true but unpleaded facts" in analyzing whether an insurer has a duty to defend its insured. *See American Economy Ins. Co. v. Holabird and Root*, 886 N.E.2d 1166, 1174 (Ill. App. Ct. 2008) (citing *Associated Indemnity Co. v. Insurance Co. of North America*, 386 N.E.2d 529 (Ill. App. Ct. 1979)).

In light of the foregoing, the Court finds that consideration of relevant portions of a claim file in determining a duty to defend is in line with Illinois law that states a trial court may consider extrinsic evidence beyond the underlying complaint and policy, if doing so does not determine an issue critical to the underlying action. The Court agrees that Federal's reasons for initially deciding to

---

[4] This is commonly referred to as the "eight corners" rule. *See, e.g., Pekin Ins. Co. v. Illinois Cement Co., LLC*, 51 N.E.3d 812, 820 (Ill. App. Ct. 2016).

defend the Altus lawsuit, then subsequently changing its position, are relevant to the present issue, and such information is subject to production. Again, relevance at this stage is broadly construed, and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Federal has not shown to the Court's satisfaction that such evidence is of such *marginal* relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. The Court reiterates that it is not ordering Federal to produce the *entire* claim file, but only those portions that may relate to Federal's duty to defend.[5]

## CONCLUSION

Indeck's Motion to Compel [Doc. No. 95] is **GRANTED** as set forth herein. The required document production shall take place within **thirty (30) days** of the date of this Order. Each party shall bear its own attorney's fees and costs incurred in filing and defending the present motion.

---

[5] At the hearing, counsel for Indeck objected to partial production of the claim file limited to those documents related to Federal's duty to defend. Parties and counsel routinely review large groups of files and documents and select those documents for production that are responsive to the discovery request at issue. The Court is confident that counsel for Federal will produce all responsive documents from its claim file while being guided by the broad scope of relevance set forth in Rule 26(b) and discussed in this Order. Of course, any documents withheld on the basis of privilege must be reflected on an appropriate privilege log.

**IT IS SO ORDERED** this 21st day of September, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE