# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-491-D |
| ) | |
| INDECK POWER EQUIPMENT ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on the parties' cross-motions for summary judgment [Doc. Nos. 78, 90]. The matter is fully briefed and at issue.

Defendant Indeck Power Equipment Company (Indeck) entered into a contract with the Altus Municipal Authority to install portions of a water treatment system to produce drinking water for the residents of the City of Altus. A lawsuit was subsequently filed against Indeck, Defendant Glenn Briggs and Associates, and others in Jackson County District Court for damages stemming from the system's construction and maintenance (the Altus litigation). Pursuant to insurance policies issued by Plaintiff Federal Insurance Company (Federal) to Indeck, Federal agreed to defend Indeck subject to a reservation of rights.

Federal subsequently filed the present action, contending it had no duty to defend or indemnify Indeck and sought to withdraw from Indeck's defense in the

Altus litigation. In sum, Federal asserted that (1) it had no duty to defend Indeck because the Altus plaintiffs did not seek any damages covered by the policies and (2) Briggs did not qualify as an "insured" under any insurance policy issued by Federal to Indeck. *See* Third Amend. Compl., ¶ 2 [Doc. No. 55]. Indeck filed a counterclaim seeking a declaration that Federal owed a duty to defend and indemnify it with respect to the Altus litigation.

The parties agreed to a bifurcated scheduling order in which they would litigate the issue of whether Federal owed a duty to defend Indeck before conducting any discovery on the issue of bad faith. *See* Joint Status Report and Discovery Plan, ¶ 14 [Doc. No. 31]. Pursuant to the order, Federal and Indeck submitted the present cross-motions for summary judgment addressing the duty to defend. According to Federal, the policies at issue limit coverage to "property damage" caused by an "occurrence," and since the Altus litigation alleges the water system did not work as promised under the contract and Indeck concealed evidence that the plant did not work, there is no allegation of "property damage" caused by an "occurrence" as those terms are defined under the applicable policies. *See* Pl. Mot. for Summ. J. at 5-11. In response, Indeck asserts that there are allegations of "property damage" in the Altus litigation in that the plaintiff there alleges damage to the water treatment system caused by Indeck's acts and/or omissions. Def. Cross-Mot. for Summ. J. at 6-17. After the submission of their

2

respective summary judgment motions, the parties reached an agreement in principle in which Federal agreed to pay Indeck's defense fees and costs. Moreover, the Altus litigation settled.[1]

At the summary judgment stage, the Court has a duty to determine whether either party has demonstrated that there is no genuine issue of material fact and it is entitled to summary judgment as a matter of law. *Hardscrabble Ranch, L.L.C. v. United States*, 840 F.3d 1216, 1219 (10th Cir. 2016). An insurer has a duty to defend whenever it ascertains the presence of facts that give rise to the potential of liability under the subject policy. *First Bank of Turley v. Fidelity and Deposit Ins. Co. of Md.*, 1996 OK 105, ¶ 13, 928 P.2d 298, 303; *State Auto Mut. Ins. Co. v. Habitat Const. Co.*, 875 N.E.2d 1159, 1163 (Ill. App. Ct. 2007).[2] The insurer's duty is determined on the basis of information gleaned from the petition, other pleadings, from the insured, and from other sources available to the insurer at the time the defense is demanded, rather than by the outcome of the third-party action.

---

[1] On January 11, 2017, Indeck filed a motion asking that the Court stay its consideration of the cross-motions for summary judgment [Doc. No. 137]. In that motion, Indeck contended the duty to defend issue will become moot if and when Federal pays its defense fees. Mot. to Stay at 3-4. Furthermore, in light of recent developments during discovery, Indeck stated its intent to file a supplemental brief in support of its motion for summary judgment and a second motion to compel seeking full disclosure of Federal's claims file.

[2] There is a dispute over whether Oklahoma or Illinois law applies to the claims at issue; however, the law from the two jurisdictions is consistent in this regard.

*First Bank of Turley*, 928 P.2d at 303; *Millers Mut. Ins. Ass'n of Ill. v. Ainsworth Seed Co., Inc.*, 552 N.E.2d 254, 255-56 (Ill. App. Ct. 1989).

In the Court's view, the recent developments cited by the parties materially affect the Court's determination of whether a duty to defend existed. In light of these new facts, the Court believes the better course, at this time, would be to deny the parties' respective motions, with leave to refile cross-motions for summary judgment as to the remaining claims and the effect of Federal's payment, if any, on the issue of whether a duty to defend existed.

Accordingly, the parties' cross-motions for summary judgment [Doc. Nos. 78, 90] are **DENIED** as set forth herein. The parties may file amended cross-motions for summary judgment on or before **April 17, 2017**. Responses and reply briefs, if any, shall be filed in accordance with LCvR 7.1(g), (i). By virtue of this Order, Indeck's Motion to Stay Cross-Motions for Summary Judgment [Doc. No. 137] is deemed moot.

**IT IS SO ORDERED** this 9th day of March, 2017.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

4